Filed 2/11/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SOTERO GENARO BECERRA,<br><br>    Defendant and Appellant. | H045600<br>(Monterey County<br> Super. Ct. Nos. SS160525A,<br> 17CR005972) |

**I. INTRODUCTION**

In 2016, in case No. SS160525A, defendant Sotero Genaro Becerra pleaded no contest to driving or taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)) and admitted having suffered a prior conviction for the same offense (Pen. Code, § 666.5, subd. (a)).[1] The trial court sentenced defendant to jail, suspended execution, and placed defendant on mandatory supervision (see § 1170, subd. (h)(5)).

In 2018, in case No. 17CR005972, defendant pleaded no contest to driving or taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)) and misdemeanor resisting an officer (§ 148, subd. (a)(1)). He also admitted that he had suffered a prior conviction for the same Vehicle Code offense (§ 666.5, subd. (a)), and that he had served a prior term within the meaning of section 667.5, subdivision (b). Defendant was found in violation of his mandatory supervision in the earlier case.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

At a combined sentencing hearing, the trial court revoked and terminated mandatory supervision in the earlier case. In the later case, the court sentenced defendant to five years, which consisted of two years in jail and three years on mandatory supervision (see § 1170, subd. (h)(5)). The court granted 72 days of custody credits.

On appeal, defendant does not raise any issue in the earlier case (No. SS160525A). In the later case (No. 17CR005972), defendant contends that the trial court should have awarded 164 days of custody credits.

For reasons that we will explain, we determine that defendant's claim is not reviewable on appeal because his claim falls within the scope of his appellate waiver in his written plea agreement, and he failed to obtain a certificate of probable cause to challenge the enforceability of the waiver. We will therefore dismiss the appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Offenses in case No. 17CR005972*[2]

On December 9, 2017, the police found a parked vehicle that had been reported stolen. Defendant walked directly toward the vehicle, but he fled upon observing an officer standing by the vehicle. Defendant ignored commands to stop but was eventually apprehended. Defendant admitted stealing and driving the vehicle.

On December 12, 2017, in case No. 17CR005972, defendant was charged by complaint with driving or taking a vehicle without the owner's consent with four specified prior convictions (Veh. Code, § 10851, subd. (a); § 666.5, subd. (a); count 1), receiving a stolen motor vehicle (§ 496d, subd. (a); count 2), resisting an officer (§ 148, subd. (a)(1); count 3), and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a); count 4). The complaint further alleged that defendant had served three prior terms within the meaning of section 667.5, subdivision (b).

---

[2] As defendant was convicted by plea, the summary of his offenses is taken from the probation report, which was based on a police report.

**B.** *Written Waiver of Rights and Plea Agreement*

On July 17, 2018, defendant initialed and signed a waiver of rights and plea agreement. Relevant here, defendant initialed paragraph No. 14, regarding the waiver of appellate rights, which stated: "(Appeal and Plea Withdrawal Waiver) I hereby waive and give up all rights regarding state and federal writs and appeals. This includes, but is not limited to, the right to appeal my conviction, the judgment, and any other orders previously issued by this court. I agree not to file any collateral attacks on my conviction or sentence at any time in the future. I further agree not to ask the Court to withdraw my plea for any reason after it is entered." (Bold omitted.)

Defendant also signed provisions that stated the following: "I offer my plea of guilty or no contest freely and voluntarily and of my own accord. . . . [¶] I have read, or have had read to me, this form and have initialed each of the items that applies to my case. I have discussed each item with my attorney. By putting my initials next to the items in this form, I am indicating that I understand and agree with what is stated in each item that I have initialed. . . . I understand each of the rights outlined above and I give up each of them to enter my plea."

Defendant's trial counsel signed a provision in the agreement stating, "I have reviewed this form with my client and have explained each of the items in the form, including the defendant's constitutional rights, to the defendant and have answered all of his or her questions concerning the form and the plea agreement. . . . [¶] I concur in the defendant's decision to waive the above rights and enter this plea, and believe the defendant is doing so knowingly, intelligently, and voluntarily."

Defendant appeared in court the same day that he executed the waiver of rights and plea agreement. The trial court confirmed that defendant had signed, initialed, and understood the form. The court specifically asked defendant: "[D]o you also waive and give up your rights to appeal as indicated by your initials on paragraph 14?" Defendant responded, "Yes."

On motion of the prosecution, count 3 for resisting an officer (§ 148, subd. (a)(1)) was amended to allege a misdemeanor. Defendant pleaded no contest to the amended count and no contest to driving or taking a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a); count 1). He also admitted that he suffered a prior conviction for the same Vehicle Code offense (§ 666.5, subd. (a)), and that he had served a prior term within the meaning of section 667.5, subdivision (b). The remaining counts and allegations were taken under submission for dismissal at the time of sentencing. The trial court accepted defendant's pleas and found that he knowingly, intelligently, and voluntarily waived his rights.

The trial court also signed defendant's written waiver and plea agreement, finding that defendant "expressly, knowingly, understandingly, and intelligently waives [his] constitutional and statutory rights; the defendant's plea, admissions, and waiver of rights are freely and voluntarily made; the defendant understands the nature of the charges and the consequences of the plea and admissions; and that there is a factual basis for the same. The Court accepts the defendant's plea and admissions . . . ."

In the earlier case, No. SS160525A, the trial court found defendant in violation of his mandatory supervision.

### C. *Sentencing Hearing*

A sentencing hearing was held in both cases on February 28, 2018. The trial court, the parties, and the probation department discussed defendant's sentence and the calculation of custody credits. Defendant objected to the court's calculation of custody credits in the later case.

In the later case, the trial court sentenced defendant to five years, which consisted of two years in jail and three years on mandatory supervision (see § 1170, subd. (h)(5)).

The court granted 72 days of custody credits,[3] consisting of 36 actual days plus 36 days conduct credit. The remaining counts and allegations were dismissed or stricken. In the earlier case, the court revoked and terminated mandatory supervision.

Defendant filed a notice of appeal regarding both cases, but he did not obtain a certificate of probable cause.

## III. DISCUSSION

### A. *The Parties' Contentions*

Defendant contends that the trial court should have awarded 164 days of custody credits in the later case instead of the 72 days that the court granted. He also argues that his claim concerning custody credits does not fall within the scope of his appellate waiver. He further contends that, even if his appellate claim is within the scope of the appellate waiver, the waiver was not knowingly and intelligently made, and a certificate of probable cause is not required to challenge the enforceability of the waiver.

The Attorney General contends that defendant's appeal is barred because he waived his right to appeal, and he did not obtain a certificate of probable cause to enable him to challenge on appeal the enforceability of the waiver. The Attorney General also argues that the trial court did not err in its calculation of defendant's custody credits.

We determine that defendant's waiver of his appellate rights and his failure to obtain a certificate of probable cause are dispositive, and therefore we consider those issues first and do not reach the custody credits issue. We begin our analysis with general legal principles regarding the requirement of a certificate of probable cause and regarding appellate waivers.

---

[3] The minute order (and an amended minute order) from the February 28, 2018 sentencing hearing and the abstract of judgment state that defendant was granted only 33 days of custody credits. The Attorney General acknowledges that the trial court awarded 72 days of custody credits.

5

**B.** *Certificate of Probable Cause*

Section 1237.5[4] and rule 8.304(b)[5] of the California Rules of Court require a defendant, who has pleaded guilty or no contest to a charge, to obtain a certificate of probable cause in order to challenge the validity of the plea. (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1149.) "In the absence of full compliance and a certificate of probable cause, the reviewing court may not reach the merits of any issue challenging the validity of the plea, but must order dismissal of the appeal. [Citation.] Our Supreme Court has expressly disapproved the practice of applying the rule loosely in order to reach issues that would otherwise be precluded. [Citation.]" (*Ibid.*; see *People v. Panizzon* (1996) 13 Cal.4th 68, 89 (*Panizzon*) ["an attack on the validity of the plea . . . is not

---

[4] Section 1237.5 states: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

[5] Rule 8.304(b) of the California Rules of Court states in part:
**"(b) Appeal after plea of guilty or nolo contendere or after admission of probation violation**
"(1) Except as provided in (4), to appeal from a superior court judgment after a plea of guilty or nolo contendere or after an admission of probation violation, the defendant must file in that superior court—with the notice of appeal required by (a)—the statement required by Penal Code section 1237.5 for issuance of a certificate of probable cause. [¶] . . . [¶]
"(4) The defendant need not comply with (1) if the notice of appeal states that the appeal is based on:
"(A) The denial of a motion to suppress evidence under Penal Code section 1538.5; or
"(B) Grounds that arose after entry of the plea and do not affect the plea's validity.
"(5) If the defendant's notice of appeal contains a statement under (4), the reviewing court will not consider any issue affecting the validity of the plea unless the defendant also complies with (1)."

reviewable on appeal because defendant failed to seek and obtain a certificate of probable cause"]).

C. *Appellate Waivers*

Appellate waivers contained within plea agreements are generally enforceable. "Just as a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, to the privilege against self-incrimination, and to counsel as a consequence of a negotiated plea agreement, so also may a defendant waive the right to appeal as part of the agreement." (*Panizzon*, *supra*, 13 Cal.4th at p. 80.) " 'Plea negotiations and agreements are an accepted and "integral component of the criminal justice system and essential to the expeditious and fair administration of our courts." [Citations.] Plea agreements benefit that system by promoting speed, economy, and the finality of judgments.' [Citations.]" (*K.R. v. Superior Court* (2017) 3 Cal.5th 295, 303.) "Defendants . . . benefit from plea agreements by gaining concessions from the People. [Citation.] The benefits of a plea agreement would be eliminated if courts disallowed the waiver of the right of appeal to which the parties have agreed. [Citation.]" (*People v. Vargas* (1993) 13 Cal.App.4th 1653, 1658 (*Vargas*).)

D. *Challenges to an Appellate Waiver and Whether a Certificate of Probable Cause Is Needed*

Courts have addressed whether an appellate waiver encompasses claims of future error. "[A] waiver that is nonspecific, e.g., 'I waive my appeal rights' or 'I waive my right to appeal any ruling in this case,' " is considered a general waiver. (*Panizzon*, *supra*, 13 Cal.4th at p. 85, fn. 11.) "A broad or general waiver of appeal rights ordinarily includes error occurring before but not after the waiver because the defendant could not *knowingly and intelligently* waive the right to appeal any unforeseen or unknown future error. [Citation.]" (*People v. Mumm* (2002) 98 Cal.App.4th 812, 815, italics added.)

For example, in *Vargas*, *supra*, 13 Cal.App.4th 1653, the defendant's general waiver stated: " 'I waive my appeal rights.' " (*Id*. at p. 1662.) The defendant "was not

specifically informed that he would be also waiving possible future error." (*Ibid.*) Based on this general waiver, the court determined that "it is not reasonable to conclude that the defendant made a *knowing and intelligent* waiver of the right to appeal any unforeseen or unknown future error such as the erroneous deduction of conduct credits pursuant to section 4019, subdivision (c), as he has alleged on appeal." (*Ibid.*, italics added & fn. omitted.)

Similarly, in *People v. Kennedy* (2012) 209 Cal.App.4th 385 (*Kennedy*), this court observed that the defendant had only "signed a general waiver of his right to appeal." (*Id.* at p. 391.) Relying on *Vargas*, this court concluded that the defendant was therefore "not barred from challenging an alleged misapplication of conduct credits on appeal where . . . the plea agreement and waiver of appellate rights made no mention of conduct credits." (*Kennedy*, *supra*, at p. 391.)

In both *Vargas* and *Kennedy*, in which it was determined that a *general* appellate waiver did not bar the defendants' appellate challenges to custody credits, the issue of whether the defendants needed a certificate of probable cause to pursue their appeals was not addressed.

Subsequent to *Vargas* and *Kennedy*, the appellate court in *People v. Espinoza* (2018) 22 Cal.App.5th 794 (*Espinoza*) held that "when a defendant waives the right to appeal as part of a plea agreement, and *the waiver's terms encompass the issue the defendant wishes to raise*, *the defendant must obtain a certificate of probable cause to avoid dismissal of the appeal*. With a certificate of probable cause in hand, the defendant may argue that the waiver is not enforceable as to the issue raised, *whether because the waiver was not knowing and intelligent* or for some other reason." (*Espinoza*, *supra*, at p. 803, italics added; see *People v. Buttram* (2003) 30 Cal.4th 773, 793 (conc. opn. of Baxter, J.) (*Buttram*) [an "attempt to appeal the *enforceability* of the *appellate waiver itself* (for example, on grounds that it was not knowing, voluntary, and intelligent, or had

been induced by counsel's ineffective assistance)" constitutes "an *attack on the plea's validity*, thus requiring a certificate"].)

In *Espinoza*, the defendant's written plea form included the following waiver: " 'Even though I will be convicted in this case as a result of my plea, I have the right to appeal the judgment and rulings of the court (e.g.: Penal Code Section 1538.5(m)). I give up my right of appeal.' " (*Espinoza*, *supra*, 22 Cal.App.5th at p. 797, bold omitted.) Notwithstanding this appellate waiver, the defendant challenged on appeal the imposition of a probation condition as unreasonable, vague, and overbroad. (*Id*. at p. 798.) In the notice of appeal, the defendant indicated that the appeal "was 'based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.' " (*Ibid*.)

The appellate court dismissed the appeal based on the defendant's failure to obtain a certificate of probable cause. (*Espinoza*, *supra*, 22 Cal.App.5th at p. 797.) The court observed that the defendant "broadly waived her 'right to appeal the judgment and rulings of the court,' " and that, "[b]y its express terms, the waiver include[d] her right to appeal the imposition of probation terms." (*Id*. at p. 801.)

The defendant argued that "her waiver was not knowing and intelligent, relying on decisions holding that a waiver of the right to appeal does not necessarily 'bar the appeal of sentencing errors occurring subsequent to the plea.' [Citation.]" (*Espinoza*, *supra*, 22 Cal.App.5th at p. 801.) The appellate court acknowledged that, "as a general principle, defendants cannot knowingly and intelligently waive the right to appeal an issue that was not contemplated at the time of the waiver." (*Ibid*.) The court explained, however, that the defendant's claim that her waiver should not be construed to extend to a challenge of the probation condition because that aspect of the waiver was not knowing and intelligent, "still challenges 'the validity of the waiver . . . and, thus, the plea itself.' [Citation.]" (*Id*. at p. 802.) "Where a defendant broadly waives the right to appeal as part of a plea, he or she must obtain a certificate of probable cause to appeal on *any*

9

ground covered by the waiver, not just grounds that were apparent before entry of the plea." (*Ibid.*)

Based on our review of the relevant authorities, a certificate of probable cause is *not* required for the issue of *whether* the defendant's appellate claim falls within the scope of an appellate waiver. If the defendant's claim is not within the scope of an appellate waiver, the waiver does not preclude an appellate court from considering the defendant's underlying claim.

On the other hand, if the defendant's appellate claim *falls within the scope* of an appellate waiver that is part of a plea agreement, the defendant "must obtain a certificate of probable cause to appeal on any ground covered by the waiver, regardless of whether the claim arose before or after the entry of the plea. Absent such a certificate, the appellate court lacks authority . . . to consider the claim because it is in substance a challenge to the validity of the appellate waiver, and therefore to the validity of the plea." (*Espinoza*, *supra*, 22 Cal.App.5th at p. 797.)

### E. *Defendant's Appellate Waiver Encompasses His Custody Credits Claim*

We first consider whether defendant's claim of trial court error concerning custody credits is within the scope of his appellate waiver. As we have just explained, defendant was not required to obtain a certificate of probable cause in order for this court to address whether his appellate waiver encompasses his claim of custody credit error.

Defendant's appellate waiver was part of his written plea agreement. "A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.]" (*People v. Shelton* (2006) 37 Cal.4th 759, 767 (*Shelton*).) Likewise, "[b]ecause waivers of appellate rights are ordinarily found in the context of a plea bargain, the scope of the waiver is approached like a question of contract interpretation—to what did the parties expressly or by reasonable implication agree? [Citations.]" (*In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1157.)

10

" 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties.  [Citation.]  If contractual language is clear and explicit, it governs.  [Citation.] . . . ' . . . 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.  [Citations.]'  [Citations.]"  (*Shelton*, *supra*, 37 Cal.4th at p. 767.)

In this case, defendant's appellate waiver expressly encompasses an appeal from the "judgment" or any collateral attack on the "sentence."  Specifically, the waiver states that defendant waives "*all rights* regarding state and federal writs and *appeals*.  This includes, but is not limited to, the *right to appeal* [his] conviction, *the judgment*, and any other orders previously issued by this court."  (Italics added.)  Defendant also agreed "*not to file any collateral attacks* on [his] conviction or *sentence* at any time in the future."  (Italics added.)

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence.  (§ 1191 and 1202; *People v. Mesa* (1975) 14 Cal.3d 466, 471; *People v. Thomas* (1959) 52 Cal.2d 521, 529, fn. 3 . . . .)  A judgment in a criminal case may consist of a fine, a term of imprisonment, or both (§ 1445)."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9 (*Karaman*).)  Further, " '[t]he court imposing a sentence' has responsibility to calculate the exact number of days the defendant has been in custody 'prior to sentencing,' add applicable good behavior credits earned pursuant to section 4019, and reflect the total in the abstract of judgment.  [Citations.]"  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 30 (*Buckhalter*); see § 2900.5, subds. (a) & (d).)

Here, defendant's appellate claim concerning the trial court's purported error in calculating custody credits falls within the scope of his appellate waiver.  A trial court must calculate custody credits as part of the court's imposition of sentence and oral

11

pronouncement of judgment (see § 2900.5, subds. (a) & (d); *Buckhalter*, *supra*, 26 Cal.4th at p. 30; *Karaman*, *supra*, 4 Cal.4th at p. 344, fn. 9), and defendant's appellate waiver in this case expressly encompasses an appeal from the "judgment" or any collateral attack on the "sentence." Thus, based on defendant's express waiver of "all rights" regarding "writs and appeal," and the specific references in the waiver to the right to appeal from the "judgment" and to collateral attack on the "sentence," defendant's waiver encompasses the instant appeal from the judgment regarding the sentencing court's purported error in calculating custody credits.

Defendant contends that the appellate waiver does not expressly mention custody credits, and therefore his custody credits claim is not within the scope of the waiver.

We are not persuaded by defendant's contention. Although defendant's appellate waiver does not contain the phrase "custody credits," the appellate waiver does expressly encompass "all rights regarding state and federal writs and appeals," including "but . . . not limited to, the right to appeal . . . the judgment" and "any collateral attacks on [the] conviction or sentence at any time in the future." By expressly covering "all . . . appeals" and "any collateral attacks" by defendant, including appeals and collateral attacks with respect to the "judgment" and "sentence," the parties clearly intended a broad waiver covering any and all claims that defendant might try to later assert regarding his sentence or the judgment. We observe that defendant does not offer a persuasive argument for a different interpretation of the term "judgment" or "sentence" in the context of his written waiver.

Moreover, the parties' waiver and plea agreement does not contain any language suggesting that the parties intended to carve out one or more aspects of the sentence, or one or more aspects of the judgment, from the appellate waiver. Significantly, the parties' agreement, which is on a pre-printed form, offered an alternative and more "[l]imited [w]aiver," but the parties *expressly declined* to make the more limited waiver a part of their agreement. The more limited waiver states: "(Limited Waiver for Non-

12

Stipulated Sentence)  I hereby waive and give up all rights to appeal, writ, litigate, challenge or contest in the future any order issued by this court made *before* the date indicated next to my signature below.  I give up the same rights *concerning all contents of this waiver of rights form and conditions of my entry of plea and conviction as stated herein*.  I further agree not to ask the court to withdraw my plea for any reason after it is entered." (Bold omitted, second italics added.)  This more limited waiver, which the parties did not enter into, applies only to *previously issued* orders and to the specific *contents* of the waiver and plea form.  Instead of agreeing to this more limited waiver, the parties chose to enter into a comprehensive appellate waiver that was clearly written with as *broad* a scope as possible to foreclose "any" and "all" appeals and writs, and specifically referred to *future* events such as sentencing and judgment, which necessarily included the sentencing court's calculation of custody credits, particularly in the absence of any language suggesting that one or more sentencing matters would be excluded.

Defendant also contends that the calculation of custody credits does not involve a discretionary sentencing choice, that the failure to accurately award custody credits results in an unauthorized sentence that is subject to correction at any time, and that correction may be made on appeal even in the absence of an objection below, citing *People v. Johnson* (2007) 150 Cal.App.4th 1467, 1485, *People v. Jack* (1989) 213 Cal.App.3d 913, 916-917, and *People v. Taylor* (2004) 119 Cal.App.4th 628, 647.

We are not persuaded by defendant's argument.  The relevant issue here is *not* whether the trial court's decision involved a discretionary sentencing choice, whether the sentence was unauthorized, or whether defendant raised the custody credits claim below.  Rather, the relevant issue is whether defendant's custody credits claim on appeal is encompassed within his appellate waiver.  Defendant fails to provide any legal authority to support the proposition that custody credit error is not waivable *by agreement*.

We therefore conclude that defendant's appellate claim concerning custody credits is barred because his claim falls within the scope of his appellate waiver.  (See *Panizzon*,

*supra*, 13 Cal.4th at p. 89 [claim not reviewable on appeal if claim is encompassed by an appellate waiver].)

### F. *Defendant's Failure to Obtain a Certificate of Probable Cause Precludes His Challenge to the Enforceability of the Appellate Waiver*

Defendant contends that he "cannot have knowingly and intelligently agreed to waive his claim that the trial court erred [regarding custody credits] when he signed the [appellate] waiver, because the errant act had not yet occurred."

As we have explained, defendant's appellate waiver encompasses his claim that the trial court erred in calculating custody credits. Defendant's further appellate contention that he did not knowingly and intelligently agree, at the time he entered into his appellate waiver, to waive a claim of future error concerning custody credits is a challenge to the enforceability of the appellate waiver. (*Espinoza*, *supra*, 22 Cal.App.5th at pp. 797, 802, 803; *Buttram*, *supra*, 30 Cal.4th at p. 793 (conc. opn. of Baxter, J.).) As the appellate waiver was contained within defendant's plea agreement, his contention concerning the enforceability of the appellate waiver constitutes an attack on the plea's validity. (*Espinoza*, *supra*, at pp. 797, 802, 803; *Buttram*, *supra*, at p. 793 (conc. opn. of Baxter, J.).) "[A]n attack on the validity of the plea . . . is not reviewable on appeal because defendant failed to seek and obtain a certificate of probable cause." (*Panizzon*, *supra*, 13 Cal.4th at p. 89.)

### G. *Conclusion*

We determine that defendant's appellate claim concerning custody credits is barred because his claim falls within the scope of his appellate waiver. Further, because defendant did not obtain a certificate of probable cause, he may not challenge the enforceability of the appellate waiver, including a challenge on the grounds that the waiver was not knowing and intelligent. We emphasize that, by obtaining a certificate of probable cause, "[a] defendant may argue that the waiver is not enforceable . . . , whether because the waiver was not knowing and intelligent or for some other reason. And if the

14

[appellate court] determines that the waiver is not enforceable, it will reach the merits of the defendant's underlying claim." (*Espinoza*, *supra*, 22 Cal.App.5th at p. 803; see *Buttram*, *supra*, 30 Cal.4th at p. 793 (conc. opn. of Baxter, J.).)

## IV.  DISPOSITION

The appeal is dismissed.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
DANNER, J.

*People v. Becerra*
**H045600**

Trial Court:                          Monterey County Superior Court
                                      Superior Court Nos.:  SS160525A, 17CR005972


Trial Judge:                          Hon. Andrew G. Liu


Attorney for Appellant:               William Hassler,
Sotero Genaro Becerra                 under appointment by the Court of Appeal


Attorneys for Respondent:             Xavier Becerra,
The People                            Attorney General
                                      Gerald A. Engler,
                                      Chief Assistant Attorney General
                                      Jeffrey M. Laurence,
                                      Senior Assistant Attorney General
                                      Seth K. Schalit,
                                      Supervising Deputy Attorney General
                                      Berit Grace Fitzsimmons,
                                      Deputy Attorney General

*People v. Becerra*
**H045600**