Filed 5/16/18 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DONICIA ATHENA ESPINOZA,<br><br>  Defendant and Appellant. | A151039<br><br>(Solano County<br>Super. Ct. No. FCR325222)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br><br>NO CHANGE IN JUDGMENT |

BY THE COURT:

Appellant Donicia Athena Espinoza's petition for rehearing is denied.

It is ordered that the opinion filed herein on April 25, 2018, be modified as follows:

The second sentence of the first full paragraph on page 7 should read: "Similarly, *Panizzon* determined that the appellate waiver required dismissal of the appeal because the defendant knowingly waived his right to appeal the sentence, not because he had failed to obtain a certificate of probable cause."

There is no change in the judgment.

1

Dated:

_____
Humes, P.J.

*People v. Espinoza*  A151039

2

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>DONICIA ATHENA ESPINOZA,<br><br>     Defendant and Appellant. | A151039<br><br>(Solano County<br>Super. Ct. No. FCR325222) |

Defendant Donicia Espinoza was placed on probation after pleading no contest to a felony count of cemetery vandalism. Before entering the plea, she expressed her understanding that probation conditions would be imposed, and as part of the plea, she entered a broad waiver of her right to appeal. After a specific probation condition was subsequently imposed prohibiting her from possessing weapons and ammunition, Espinoza brought this appeal to challenge it without first obtaining a certificate of probable cause from the trial court.

Espinoza contends that a certificate of probable cause was not required to challenge the weapons condition on appeal, but we disagree. We hold that a defendant who waives the right to appeal as part of a plea agreement must obtain a certificate of probable cause to appeal on any ground covered by the waiver, regardless of whether the claim arose before or after the entry of the plea. Absent such a certificate, the appellate court lacks authority under California Rules of Court, rule 8.304(b) to consider the claim because it is in substance a challenge to the validity of the appellate waiver, and therefore to the validity of the plea. Because we cannot reach the merits of Espinoza's claim without first addressing the validity of her appellate waiver, her failure to obtain a certificate of probable cause requires dismissal of her appeal.

1

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

In October 2016, a Fairfield police officer received a report of vandalism at a cemetery.[1]  When he arrived at the cemetery, he saw "several damaged headstones, flowers scattered throughout," and Espinoza, "covered in mud and grass," standing in the damaged area.  It appeared that several headstones had been "kicked over," and some were cracked and "beyond repair."  A bystander identified Espinoza as the person who had caused the damage.

Espinoza was charged with a felony count of cemetery vandalism.[2]  The trial court suspended the proceedings for an assessment of her mental competency.  After she was found competent, she pleaded no contest to the charge.  On her plea form, she initialed the following statement:  "Even though I will be convicted in this case as a result of my plea, I have the right to appeal the judgment and rulings of the court (e.g.:  Penal Code Section 1538.5(m)).  **I give up my right of appeal**."  She also initialed statements indicating that her attorney had explained the form to her, that she was "of sound mind" and "[understood] the nature of these proceedings," and that she "freely and voluntarily, having full knowledge and understanding of the rights that [she was] giving up and the possible consequences which [might] result from [her] plea," requested a change of plea.

Before Espinoza entered her plea, the trial court explained that she would be put on probation and would "have to stay away from the cemetery, be subject to search and seizure, and other terms and conditions to make sure [she was] successful on probation."  Espinoza indicated that she understood.  The court confirmed that she understood the plea form, her attorney had reviewed it with her, and she had initialed it herself.  As to the waiver of the right to appeal, the court said, "I don't know if you have a basis to appeal,

---

[1] The facts in this paragraph are drawn from the transcript of the preliminary hearing, which Espinoza stipulated contained the facts upon which her plea was based.

[2] The charge was brought under Penal Code section 594.35, subdivision (a).  All further statutory references are to the Penal Code.

2

but if you did, you're giving up any right to appeal when you make this plea; do you understand that?" Espinoza responded, "Yes." The court then accepted her plea and found it was intelligent, knowing, and voluntary.

The probation report recommended that Espinoza be prohibited from possessing certain weapons and ammunition. At the sentencing hearing, her trial counsel objected to this proposed condition, stating that "there's no nexus in this matter." The trial court asked whether Espinoza had "any instrument that she used to cause any of the damage[]," questioning "how someone with their bare hands causes this much damage to the headstones. I guess you can push it over, I guess." Counsel responded that the allegation was "kicking and throwing."

The trial court placed Espinoza on formal probation for three years, including a weapons condition. Specifically, the court stated, "Due to the felony nature, she's not to have firearms. Due to the underlying nature of this case, she's not to have any dangerous or deadly weapons of any kind at any time based on the felony. No ammunition or firearm[s]."

Espinoza filed a notice of appeal indicating that the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." The record does not contain a certificate of probable cause.

## II.
### DISCUSSION

Espinoza claims that the challenged weapons condition is unreasonable, vague, and overbroad. We do not address these contentions because we agree with the Attorney General that the appeal must be dismissed.

Under section 1237.5, a defendant cannot appeal after entering a plea of no contest unless he or she "has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and the trial court "has executed and filed a certificate of probable cause for such appeal with the clerk of the court." " 'The purpose of section 1237.5 is . . . "to discourage and weed out frivolous or vexatious appeals

3

challenging convictions following guilty and nolo contendere pleas," and . . . [t]he requirements of [the statute] . . . must be strictly applied.' " (*People v. Mashburn* (2013) 222 Cal.App.4th 937, 941 (*Mashburn*).)

California Rules of Court, rule 8.304 establishes an exception to section 1237.5. A defendant who has entered a plea of no contest need not obtain a certificate of probable cause "if the notice of appeal states that the appeal is based on: [¶] (A) The denial of a motion to suppress evidence under . . . section 1538.5; or [¶] (B) Grounds that arose after entry of the plea [that] do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b)(4); see *id.*, rule 8.304(b)(1).) If a notice of appeal identifies either of these circumstances as the basis for the appeal, "the reviewing court will not consider any issue affecting the validity of the plea" unless the defendant obtains a certificate of probable cause. (*Id.*, rule 8.304(b)(5); see *id.*, rule 8.304(b)(1).)

Here, Espinoza's notice of appeal states the appeal is based on grounds that do not affect the plea's validity. But, " '[i]n determining whether section 1237.5 applies to a challenge of a sentence imposed after a plea of . . . no contest, courts must look to the substance of the appeal: "the crucial issue is what the defendant is challenging, not the time or manner in which the challenge is made." [Citation.] Hence, the critical inquiry is whether a challenge to the sentence is *in substance* a challenge to the validity of the plea, thus rendering the appeal subject to the requirements of section 1237.5.' " (*People v. Buttram* (2003) 30 Cal.4th 773, 781-782 (*Buttram*).)

Several decisions have considered whether an appellate claim was a challenge to the validity of the plea. In *Buttram*, the defendant pleaded guilty "in return for an agreed maximum sentence, or 'lid,' " but he appealed when the trial court denied his request for diversion and imposed the maximum sentence. (*Buttram, supra*, 30 Cal.4th at pp. 776-777, italics omitted.) Unlike Espinoza, the defendant did not waive his right to appeal as part of the plea. (*Id.* at p. 776.) The Supreme Court concluded that the appeal could proceed without a certificate of probable cause because the appeal was not a challenge to the validity of the plea, in that the trial court's exercise of its discretion under the maximum term was left open by the plea agreement. (*Id.* at pp. 776-777.)

4

Justice Baxter wrote both the majority and concurring opinions in *Buttram*. In his concurring opinion, he "offer[ed] some suggestions for improvement" of "the current 'certificate of probable cause' system for discouraging baseless pleas from negotiated pleas." (*Buttram, supra*, 30 Cal.4th at p. 791 (conc. opn. of Baxter, J.).) In doing so, he posited that a certificate of probable cause would be required if a defendant waived the right to appeal as part of a plea:

> [A]n attempt to appeal the sentence notwithstanding the waiver would necessarily be an attack on an express term, and thus on the *validity*, of the plea. [Citation.] A certificate of probable cause would therefore be necessary to make the appeal "operative," and in the absence of a certificate, the superior court clerk would not be put to the time and expense of preparing a record on appeal. [Citation.] If a record were nonetheless prepared and transmitted, the Court of Appeal could still dismiss the appeal for lack of a certificate, without having to address its merits.
>
> An attempt to appeal the *enforceability* of the *appellate waiver itself* (for example, on grounds that it was not knowing, voluntary, and intelligent, or had been induced by counsel's ineffective assistance) would not succeed in circumventing the certificate requirement. This is because, however important and meritorious such a challenge might be, it too would manifestly constitute an attack on the plea's validity, thus requiring a certificate in any event.

(*Buttram, supra*, 30 Cal.4th at pp. 792-793 (conc. opn. of Baxter, J.), some italics omitted.)

In *Mashburn*, Division Five of this Court considered an appellate challenge to a denial of a motion to suppress brought by a defendant who had failed to obtain a certificate of probable cause and had expressly "agreed as part of his plea bargain to give up his right of appeal." (*Mashburn, supra*, 222 Cal.App.4th at p. 940.) Relying on Justice Baxter's concurrence in *Buttram*, the court held that the defendant's failure to obtain a certificate of probable cause required dismissal of the appeal. (*Mashburn*, at p. 940.) The defendant argued that "he did not knowingly and intelligently waive his right to appeal and any such waiver did not encompass his challenge to the denial of the motion to suppress." (*Id.* at p. 941.) Our colleagues concluded that because the

5

defendant's challenge could be considered only "if the waiver of the right to appeal [was] unenforceable," the appeal effectively challenged "the validity of the waiver . . . and, thus, the plea itself." (*Id.* at p. 943.) As a result, a certificate of probable cause was required to raise the suppression issue. (*Id.* at pp. 943-944; accord, *People v. Lujano* (2014) 229 Cal.App.4th 175, 190.)

As did Espinoza, the *Mashburn* defendant entered his plea in Solano County Superior Court, and he signed a plea form containing language nearly identical to the one Espinoza signed, including the scope of the waiver of the right to appeal.[3] (*Mashburn, supra*, 222 Cal.App.4th at pp. 937, 940.) But unlike the *Mashburn* defendant, who sought to challenge a ruling—the denial of his motion to suppress—made before he entered his plea, Espinoza seeks to challenge a probation condition imposed after she entered her plea. As we will explain, this distinction does not lead to a different result than the one reached in *Mashburn*.

Espinoza broadly waived her "right to appeal the judgment and rulings of the court." By its express terms, the waiver includes her right to appeal the imposition of probation terms, and she does not argue otherwise. Nor does she contend that her challenge to the weapons condition is of the type that cannot be waived as a matter of law. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 88 (*Panizzon*) [appellate waiver barred appeal where defendant did not contend that claim raised was "not waivable by agreement"].) Instead, she argues that her waiver was not knowing and intelligent, relying on decisions holding that a waiver of the right to appeal does not necessarily "bar the appeal of sentencing errors occurring subsequent to the plea." (*Id.* at p. 85.)

We recognize that, as a general principle, defendants cannot knowingly and intelligently waive the right to appeal an issue that was not contemplated at the time of the waiver. *Panizzon* itself concluded that the defendant had waived the right to challenge his sentence as cruel and unusual punishment, because he agreed to serve a

_____

[3] The only difference in the pertinent language in Espinoza's plea form, its specification of "Penal Code Section 1538.5(m)" as an example of a ruling the appellate waiver encompasses, was apparently added after *Mashburn*.

6

particular term as part of the plea and entered a written waiver of his "right to appeal from the sentence [he would] receive." (*Panizzon, supra*, 13 Cal.4th at pp. 82, 85-86.) In doing so, however, the decision distinguished two Court of Appeal cases holding that more general waivers of the right to appeal did not encompass post-plea sentencing errors, on the basis that the sentencing issues those defendants raised "were left unresolved by the particular plea agreements involved." (*Id.* at pp. 85-86.) In *People v. Vargas* (1993) 13 Cal.App.4th 1653 (*Vargas*), the Fourth District Court of Appeal held that a defendant's general waiver of " '[his] appeal rights' " did not encompass his challenge to the calculation of conduct credits "occurring after the waiver because [the waiver] was not knowing and intelligently made," explaining that "a waiver of possible future error [did] not appear to be within [the] defendant's contemplation and knowledge at the time" of the plea. (*Id.* at p. 1662.) Similarly, in *People v. Sherrick* (1993) 19 Cal.App.4th 657 (*Sherrick*), the Second District Court of Appeal, relying on *Vargas*, held that a waiver of the right to appeal "any ruling in this case" did not preclude the defendant from challenging the trial court's erroneous assessment of his eligibility for probation. (*Sherrick*, at pp. 658-659.)

*Vargas* and *Sherrick* concluded that an appellate waiver was not knowing and intelligent without considering whether a certificate of probable cause was required to enable the defendant to argue that the waiver was unenforceable on those grounds. Similarly, *Panizzon* determined that the appeal was subject to dismissal because the defendant knowingly waived his right to appeal the sentence, not because he had failed to obtain a certificate of probable cause. The decision, which was authored by Justice Baxter and predates his concurrence in *Buttram*, did not address whether the lack of a certificate of probable cause prevented consideration on the merits of the waiver's enforceability. Thus, these decisions do not undermine *Mashburn*'s holding that a certificate of probable cause is required before a reviewing court can consider the validity of an appellate waiver entered as part of a plea. (See *Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 641 [cases not authority for propositions not considered].)

7

Based on the reasoning of these authorities, it may be that Espinoza did not knowingly and intelligently waive the right to challenge the weapons condition, and in that sense her position is stronger than that of the *Mashburn* defendant. But the error she raises still challenges "the validity of the waiver . . . and, thus, the plea itself." (*Mashburn, supra*, 222 Cal.App.4th at p. 943.) Espinoza's claim that her waiver should not be construed to extend to a challenge of the weapons condition because that aspect of the waiver was not knowing and intelligent is no different than the position taken by the *Mashburn* defendant, who similarly argued that his waiver was unenforceable because it was not knowing and intelligent. (*Id.* at p. 941.) Thus, *Mashburn*'s holding has equal force here. Where a defendant broadly waives the right to appeal as part of a plea, he or she must obtain a certificate of probable cause to appeal on *any* ground covered by the waiver, not just grounds that were apparent before entry of the plea.

Attempting to avoid this conclusion, Espinoza argues in her reply brief that she is not "claiming that her waiver, at the time it was made[,] was not knowing, intelligent[,] or voluntary" but that "post-plea events . . . rendered the waiver not knowing, voluntary, or intelligent." This is a distinction without a difference: even if a waiver could retroactively become not knowing and intelligent, Espinoza's contention is still that her waiver should not be enforced because an aspect of it is invalid.

Espinoza also relies on the dissent in *People v. Moret* (2009) 180 Cal.App.4th 839, which, reaching an issue the majority did not address (*id.* at pp. 842, 844), concluded that the defendant's waiver of the right to appeal and failure to obtain a certificate of probable cause did not prevent him from challenging a probation condition. (*Id.* at pp. 883-884 (dis. opn. of Kline, P.J.).) *Moret* pre-dates *Mashburn*, however, and the dissent did not address whether the lack of a certificate of probable cause barred the appeal *because* the defendant was effectively challenging the validity of the plea by contending the waiver was invalid. Instead, the dissent first relied on *Vargas* and *Sherrick* to conclude that the waiver did not encompass the right to challenge the probation condition, and it then concluded that a certificate of probable cause was not necessary because the defendant was challenging a condition imposed "after entry of the plea." (*Moret*, at pp. 883-884

8

(dis. opn. of Kline, P.J.).)  Thus, apart from the fact it is not authority, the *Moret* dissent, like the other decisions Espinoza cites, does not support her position because it did not consider the theory upon which we rely to dismiss her appeal.

In summary, we hold that when a defendant waives the right to appeal as part of a plea agreement, and the waiver's terms encompass the issue the defendant wishes to raise, the defendant must obtain a certificate of probable cause to avoid dismissal of the appeal.  With a certificate of probable cause in hand, the defendant may argue that the waiver is not enforceable as to the issue raised, whether because the waiver was not knowing and intelligent or for some other reason.  And if the reviewing court determines that the waiver is not enforceable, it will reach the merits of the defendant's underlying claim.

We recognize that the failure to obtain a certificate of probable cause will sometimes result in the dismissal of "potentially meritorious appeals," but, as Justice Baxter pointed out, " '[a] strict application of section 1237.5 works no undue hardship on defendants with [such] appeals.' " (*Buttram, supra*, 30 Cal.4th at p. 793 (conc. opn. of Baxter, J.).)  As he explained, " '[t]he showing required to obtain a certificate is not stringent,' " requiring only a showing that the appeal is not " ' "clearly frivolous and vexatious," ' " and a defendant who " 'fails to persuade the trial court to issue a . . . certificate . . . has the remedy of filing a timely petition for a writ of mandate' " or, depending on the issue, seeking a writ of habeas corpus.  (*Ibid.*)  It is not too much to ask that defendants who waive their right to appeal as part of a plea obtain a certificate of probable cause before they can seek to avoid enforcement of the waiver against them.

III.
DISPOSITION

The appeal is dismissed.

9

_____

Humes, P.J.

We concur:


_____

Margulies, J.


_____

Dondero, J.


_People v. Espinoza_  A151039

10

Trial Court:

Superior Court of the County of Solano

Trial Judge:

Hon. Wendy G. Getty

Counsel for Defendant and Appellant:

Garrick Allen Byers, First District Appellate Project

Counsel for Plaintiff and Respondent:

Xavier Becerra, Attorney General

Gerald A. Engler, Chief Assistant Attorney General

Jeffrey M. Laurence, Senior Assistant Attorney General

Seth K. Schalit, Supervising Deputy Attorney General

Laurence K. Sullivan, Supervising Deputy Attorney General

*People v. Espinoza* A151039