Haller, J., Concurring.
I agree with the majority's conclusions that a certificate of probable cause is not required and the challenged probation condition was proper. I write separately to clarify my views on the necessity of obtaining a probable cause certificate before challenging a probation condition as unreasonable. In particular, I agree with the analysis in People v. Espinoza (2018) 22 Cal.App.5th 794, 231 Cal.Rptr.3d 827 ( Espinoza ), but find the decision distinguishable. Although the distinction is subtle, it is critical for appellate counsel to understand this difference when deciding whether to seek a probable cause certificate and in briefing the issue on appeal.[1]
An exception to the probable cause certificate requirement after a guilty plea applies when the appellant raises "[g]rounds that arose after entry of the plea and do not affect the plea's validity." ( Cal. Rules of Court, rule 8.304(b)(4)(B), italics added.) Challenges that "do not affect the plea's validity" (ibid. ) are arguments on matters outside the scope of the plea agreement ( People v. Becerra (2019) 32 Cal.App.5th 178, 188, 243 Cal.Rptr.3d 657 ( Becerra )). In determining the scope of the plea agreement, the courts apply a contract analysis and determine the parties' mutual intent by examining the plea agreement language and other objective criteria. ( Becerra , at pp. 188-189, 243 Cal.Rptr.3d 657.)
Under these rules, the critical issue on the probable cause certificate requirement is whether the court's ruling fell within the intended scope of the plea agreement, as *562 that intent was objectively manifested by the parties. ( Becerra , supra , 32 Cal.App.5th at pp. 188-189, 243 Cal.Rptr.3d 657.) This is true even if the appellate challenge is characterized as an argument that the plea was not knowing or intelligent. ( Id. at p. 188, 243 Cal.Rptr.3d 657 ; Espinoza , supra , 22 Cal.App.5th at p. 802, 231 Cal.Rptr.3d 827 ; see People v. Panizzon (1996) 13 Cal.4th 68, 76, 51 Cal.Rptr.2d 851, 913 P.2d 1061 ( Panizzon ).) A probable cause certificate is needed to challenge a plea agreement (including an appellate waiver provision) on the basis that it was not knowing and intelligent if the challenge falls within the scope of the agreement's provisions. ( Becerra , at p. 188, 243 Cal.Rptr.3d 657 ; Espinoza , at pp. 802-803, 231 Cal.Rptr.3d 827 ; see Panizzon , at pp. 76-79, 51 Cal.Rptr.2d 851, 913 P.2d 1061.) On the other hand, a probable cause certificate is not necessary to challenge a court ruling that is outside the scope of a plea agreement term.
In Espinoza , the defendant's plea agreement included her waiver of the " 'right to appeal the judgment and rulings of the court.' " ( Espinoza , supra , 22 Cal.App.5th at pp. 797, 801, 231 Cal.Rptr.3d 827.) In a criminal case, judgment is rendered when the trial court orally pronounces sentence. (See Becerra , supra , 32 Cal.App.5th at p. 189, 243 Cal.Rptr.3d 657.) In challenging the probation condition imposed at sentencing, the Espinoza defendant did not dispute that the challenge fell within the scope of her appellate waiver in the plea agreement. ( Espinoza , at p. 801, 231 Cal.Rptr.3d 827.) But she argued her "waiver was not knowing and intelligent" and thus she was not required to obtain a probable cause certificate. ( Ibid. ) In support of this contention, she relied on " 'post-plea events' " (the imposition of the probation conditions). ( Id. at p. 802, 231 Cal.Rptr.3d 827.)
In my view, the Espinoza court correctly rejected this argument because the defendant conceded her waiver of the right to appeal the judgment and the court's rulings encompassed a challenge to the later-imposed probation conditions. The fact that the probation conditions were decided and imposed after the plea does not change this conclusion. As stated by our high court with respect to the need for a probable cause certificate, "[t]he mere fact that [the challenged ruling] happened a month after the plea ... is not determinative [and the fact] that the events supposedly giving rise to [defendant's constitutional challenge] occurred afterwards likewise is of no consequence. Rather, 'the crucial issue is what the defendant is challenging.' " (See Panizzon , supra , 13 Cal.4th at p. 78, 51 Cal.Rptr.2d 851, 913 P.2d 1061.)
In Panizzon , the defendant was challenging the constitutionality of his agreed-upon sentence based on events occurring after the sentence was imposed. ( Panizzon , supra , 13 Cal.4th at pp. 74, 77-78, 51 Cal.Rptr.2d 851, 913 P.2d 1061.) In Espinoza , the defendant was challenging the validity of her agreement to waive her right to appeal, which she conceded included "herright to appeal the imposition of probation terms." ( Espinoza , supra , 22 Cal.App.5th at p. 801, 231 Cal.Rptr.3d 827.) In both situations, the court held a probable cause certificate was required because the challenge sought to attack matters within the scope of the plea agreement. ( Panizzon , at pp. 74-79, 89, 51 Cal.Rptr.2d 851, 913 P.2d 1061 ; Espinoza , at pp. 798-803, 231 Cal.Rptr.3d 827.)
These holdings do not bar a defendant from claiming on appeal that a waiver of the right to appeal was not knowing or intelligent, and, if he or she prevails on this argument, from challenging the reasonableness of the later-imposed probation *563 conditions. But they do bar a defendant from making these arguments when challenging a matter within the scope of the plea agreement without first obtaining a certificate of probable cause.
This case is different from Espinoza because Patton's appeal waiver was narrower. Patton agreed to waive his right to appeal (1) the denial of his Penal Code section 1538.5 motion; (2) strike priors; and (3) "any sentence stipulated herein. " (Italics added.) As the majority observes, in waiving his right to appeal "any sentence stipulated herein," the scope of Patton's plea agreement was limited to those terms included in the agreement itself. Unlike Espinoza , in which the defendant waived her right to appeal "the judgment" and conceded her probation condition challenge fell within the scope of this appellate waiver, Patton's probation condition challenge is outside his appellate waiver. Thus, Patton's appeal did not attack the plea or affect its validity, and no certificate of probable cause was required.

In a prior unpublished opinion, counsel and this court did not fully consider the distinction. In that case, there was no prejudice because we reached the issue on its merits and found it was unavailing.