Filed 10/6/20  P. v. Brown CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENYON DERRAL BROWN,<br><br>    Defendant and Appellant. | E074151<br><br>(Super.Ct.No. FWV18004486)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Mary E. Fuller, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Kenyon Derral Brown, in pro. per.; Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

After initially suspending proceedings in response to the request of defendant and appellant Keyon Derral Brown for a mental health screening, the San Bernardino Superior Court found defendant mentally competent and accepted his no contest plea to a charge of robbery. (Pen. Code, § 211.)[1] Defendant also admitted a prior strike conviction. The plea included a stipulated sentence of an aggravated term of five years in state prison for the robbery and an additional five years for the prior strike. (§ 667, subd. (a).)

At the November 14, 2019 sentencing hearing, the court imposed the stipulated sentence and ordered defendant to pay various fines and fees. In the course of the hearing, it also sentenced defendant to four years to run concurrently with the sentence for the robbery on account of a probation violation in an unrelated felony matter involving animal cruelty (case No. FSB17001255).

Defendant filed a timely notice of appeal. He did not request a certificate of probable cause. We affirm.

**DISCUSSION**

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth a statement of the case and facts, and four potentially arguable issues: (1) whether

---

[1] All further statutory references are to the Probate Code.

2

defendant's waiver of his right to appeal is valid; (2) whether defendant can challenge the constitutionality of his plea absent a certificate of probable cause; (3) whether the court's failure to consider defendant's ability to pay fines and fees it imposed was error; and (4) whether defendant received effective assistance of counsel. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. In a handwritten letter, defendant makes a number of claims that amount to challenges to his plea. He also requests that we strike his prior violent felony conviction and expresses concerns about a motion for modification of a sentence he received in another case.

*The challenges to the validity of defendant's plea*

Defendant raises several issues that involve events leading up to his plea and the terms of the plea itself. They include complaints (i) that he was entitled to the midterm sentence for the robbery and he should not have received a five-year enhancement on account of the 10-year-old conviction for a prior violent felony; (ii) that the prosecution engaged in misconduct with respect to the charges against him and in the course of making its plea offer, and (iii) that his counsel's assistance was ineffective because counsel was not successful in getting defendant placed in a mental health court diversion program, he failed to negotiate a good plea, and he agreed to the improper sentencing.

None of those claims are cognizable on appeal because defendant did not obtain a certificate of probable cause.

Section 1237.5 provides in relevant part that defendants may not appeal a judgment of conviction upon a plea of nolo contendere unless they first obtain a certificate of probable cause from the trial court attesting there are reasonable grounds for the appeal. Moreover, defendant's plea agreement specifically included a waiver of his right to appeal "from the conviction and judgment in [his] case." He is, therefore, precluded from raising any issue that challenges the propriety of the plea, including the waiver, the sentence received, and his attorney's assistance in obtaining that plea because he did not obtain a certificate of probable cause. (*People v. Buttram* (2003) 30 Cal.4th 773, 776; *People v. Espinoza* (2018) 22 Cal.App.5th 794, 797 [a defendant who waives the right to appeal as part of a plea agreement must obtain a certificate of probable cause to appeal on any ground encompassed by the waiver]; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244-245 [certificate of probable cause required to raise issue of counsel's ineffective assistance prior to the plea].)

*The denial of a motion to recall the sentence in the animal cruelty conviction*

Defendant states that the court denied his section 1170 motion to recall his sentence in case No. FSB17001255 (the case in which he was convicted of animal cruelty). He also complains that "CDCR" (California Department of Corrections and Rehabilitation) discriminates when screening prisoners convicted for nonviolent offenses

4

who may be eligible for relief under section 1170.  We do not have jurisdiction to review denial of the motion because defendant has not appealed from that judgment, which has long since become final.  We note, however, that the four-year sentence in the animal cruelty case was ordered to run concurrently with the 10-year sentence imposed in this one, which did involve a violent felony offense.

*The request to dismiss the prior violent felony conviction*

Defendant refers to Senate Bill No. 1393 (2017-2018 Reg. Sess.) and requests that we exercise our discretion to dismiss the prior violent felony, which would reduce his sentence by five years.  Senate Bill No. 1393 resulted in amendment of section 1385 to permit the trial court to exercise its discretion to strike in the furtherance of justice a prior serious felony conviction in connection with the five-year enhancement provided for in section 667.  (§ 1385; Stats. 2018, ch. 1013, § 2, eff. Jan. 1, 2019.)  The statute does not authorize this court to dismiss a conviction.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

SLOUGH
J.

6