Filed 12/24/20  P. v. Spruell CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>ANDREW QUATRELL SPRUELL II,<br>        Defendant and Appellant. | A159509<br><br>(Alameda County<br>Super. Ct. No. 18CR014174) |

Defendant Andrew Quatrell Spruell II appeals from a judgment entered after he pleaded no contest to one count of shooting at an inhabited dwelling (Pen. Code, § 246)[1] and one count of being a felon in possession of a firearm (§ 29800, subd. (a)(1)).  His counsel asked this court for an independent review of the record to determine if any arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436.)  Spruell was informed of his right to file a supplemental brief and did not do so.  We conclude that there are no arguable issues and affirm.  We have, however, discovered a clerical error in

---

[1] All further undesignated statutory references are to the Penal Code.

1

the abstract of judgment, and order that it be modified to reflect Spruell's correct name.[2]

## BACKGROUND

On February 1, 2019, the Alameda County District Attorney charged Spruell by second amended information with five felony offenses: pimping (§ 266h, subd. (a)); shooting at an inhabited dwelling (§ 246); being a felon in possession of a firearm (§ 29800, subd. (a)(1)); pandering by encouraging (§ 266i, subd. (a)(2)); and attempted human trafficking for commercial sex (§ 236.1, subd. (b)). It was further alleged that Spruell personally used a firearm in the commission of the pandering and attempted human trafficking counts, making both counts serious and violent felonies (§§ 12022.5, subd. (a), 667.5, subd. (c)(8), 1192.7, subd. (c)(8)).

In March 2019, the trial court denied Spruell's section 995 motion to set aside the attempted human trafficking count. The matter proceeded to trial in October 2019.

Following the close of the prosecution's case-in-chief, the trial court granted Spruell's section 1118.1 motion for judgment of acquittal on the pimping, pandering, and attempted human trafficking counts. Spruell then entered no contest pleas to shooting at an inhabited dwelling and being a felon in possession of a firearm. Pursuant to the terms of the plea agreement, Spruell faced an aggregate maximum sentence of seven years eight months.

In January 2020, the trial court sentenced Spruell to the midterm of five years on the shooting at an inhabited dwelling count and the midterm of two years, stayed under section 654, on the felon in possession count. The

---

[2] Defendant attests that his true name is "Andrew Quartell Spruell II" [*sic*]. However, the abstract of judgment refers to defendant as "Andrew Quatrell Spruell III."

trial court also imposed various fines and fees, including a restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)(1)), a court operation assessment of $40 per conviction (*id.*, § 1465.5) for a total of $80, and a court facilities assessment of $30 per conviction (Gov. Code, § 70373) for a total of $60. The trial court noted that it had "taken into consideration his ability to pay and reduced [the requested $900 restitution fine] to $300." The trial court also awarded a total of 1,006 days of presentence credits.

Spruell filed a timely notice of appeal in which he indicated that the appeal was based on the sentence or other matters not affecting the validity of the plea, and he did not seek a certificate of probable cause.[3]

## DISCUSSION

By entering a plea of no contest, Spruell admitted the sufficiency of the evidence supporting the convictions. (See *People v. Hunter* (2002) 100 Cal.App.4th 37, 41–42.) Moreover, because he did not obtain a certificate of probable cause, he is not entitled to review of any issue involving the validity of his plea and only sentencing issues are potentially cognizable in this appeal. (See *People v. Espinoza* (2018) 22 Cal.App.5th 794, 798–799.)

We perceive no error in the sentencing proceedings. Consistent with the terms of the plea agreement, the trial court exercised its discretion and sentenced Spruell to the midterm of five years on the shooting at an inhabited dwelling count and the midterm of two years, stayed under section 654, on the felon in possession count. In addition, the trial court correctly calculated the fines and fees imposed, as well the amount of presentence credits.

---

[3] In the notice of appeal, Spruell purports to also appeal from the jury trial as well as the trial court's granting the section 1118.1 motion only as to some counts.

In short, there are no arguable issues to be raised on appeal.

## DISPOSITION

The trial court is ordered to prepare a corrected abstract of judgment to reflect defendant's name as "Andrew Quatrell Spruell II." The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

_____

Jackson, J.


WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.


A159509/*People v. Andrew Quatrell Spruell II*