Filed 10/26/22  P. v. Underwood CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B317606 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA153273) |
| v. | |
| MICHAEL UNDERWOOD, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

Jennevee H. de Guzman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Defendant Michael Underwood appeals his conviction, following a no contest plea, to possession of a firearm by a felon. (Pen. Code, § 29800, subd. (a)(1).) Defendant had a number of felony convictions and, on December 13, 2020, was found by police sitting in a parked car, wearing body armor and holding a gun.

He was initially charged with both possession of a firearm by a felon and possession of body armor with a prior violent felony conviction (Pen. Code, § 31360, subd. (a).) He entered his no contest plea on September 29, 2021, was convicted, and appealed shortly thereafter. He sought a certificate of probable cause, claiming his counsel should have sought to suppress the evidence and his plea was unknowing as it was made under the influence of pain and medication. The court denied his request for a certificate of probable cause. (See *People v. Espinoza* (2018) 22 Cal.App.5th 794, 799.) Defendant did not seek appellate review of the denial of a certificate of probable cause. (*People v. Johnson* (2009) 47 Cal.4th 668, 676 [a defendant may challenge the wrongful denial of a certificate of probable cause by petition for writ of mandate].)

On May 10, 2022, defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). The brief included a declaration that counsel had written to defendant, explaining the brief that counsel was filing, and informing defendant of his right to file a supplemental brief. This court sent defendant a notice advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief or letter raising any issues he wished us to consider. Defendant did not file a supplemental brief.

We have examined the entire record and are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*Wende, supra,* 25 Cal.3d 436.) Specifically, nothing in the appellate record indicates that defendant possesses any basis to challenge his plea which would not be barred by his failure to obtain a certificate of probable cause.

## *DISPOSITION*

The judgment is affirmed.


RUBIN, P. J.

WE CONCUR:



BAKER. J.



MOOR J.

3