Filed 3/27/24  P. v. Silas CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SHELDON SILAS,<br><br>        Defendant and Appellant. | A167178<br><br>(Contra Costa County<br>Super. Ct. No. 05001407097) |

Appellant Sheldon Silas was originally sentenced to life without the possibility of parole after a jury convicted him of two counts of murder and other crimes in connection with the 2012 killings of Christopher Zinn and Brieanna Dow.  (*People v. Silas* (2021) 68 Cal.App.5th 1057, 1064–1066 (*Silas I*).)  We reversed Silas's and his co-defendants' convictions due to a *Batson/Wheeler*[1] error.  (*Id.* at p. 1064.)  On remand, Silas entered a no-contest plea to two counts of voluntary manslaughter and a firearm enhancement.  In December 2022, the trial court sentenced him to 26 years in prison.

In this appeal from the 2022 judgment, Silas's counsel asked this court to conduct an independent review of the record under *People v. Wende* (1979)

---

[1] *Batson v. Kentucky* (1986) 476 U.S. 79; *People v. Wheeler* (1978) 22 Cal.3d 258.

1

25 Cal.3d 436 to determine whether there are any arguable issues.[2] Silas then filed a supplemental letter brief in which he argues that the trial court erred in calculating his custody credits. But Silas waived his right to appeal on such grounds as part of the plea agreement, and he did not obtain a certificate of probable cause enabling him to challenge the waiver's validity. Accordingly, we dismiss the appeal.

The underlying facts are not relevant. In November 2022, on remand from our reversal of the original judgment in *Silas I*, Silas entered a plea agreement under which he pled no contest to two counts of voluntary manslaughter and admitted to personally using a firearm during the killing of Zinn.[3] The following month, the trial court sentenced Silas to a total term of 26 years in prison, composed of 11 years for the killing of Zinn and consecutive terms of 4 years for the accompanying firearm enhancement and 11 years for the killing of Dow. The remaining counts and allegations were dismissed.

As part of the plea agreement, Silas waived his right to appeal by initialing a box on his plea form next to the following statement: "I understand that I have the right to appeal this sentence, conviction and any rulings made by the Court in this case. I give up my right to appeal in exchange for accepting this negotiated disposition." He and his trial counsel also indicated in writing and at the plea hearing that he understood and voluntarily accepted the consequences of the plea, and the trial court so

---

[2] Reginald Whitley, one of Silas's co-defendants, also appealed after entering a plea on remand from *Silas I*. In January 2024, we permanently abated all proceedings in this matter against Whitley upon being informed of his death in prison.

[3] The convictions were under Penal Code section 192, subdivision (a), and the firearm enhancement was under Penal Code section 12022.5, subdivision (a).

found.  Silas then appealed the judgment without obtaining a certificate of probable cause.[4]

Generally, an appellate waiver entered as part of a plea agreement is enforceable.  (*People v. Becerra* (2019) 32 Cal.App.5th 178, 186.)  "[W]hen a defendant waives the right to appeal as part of a plea agreement, and the waiver's terms encompass the issue the defendant wishes to raise, the defendant must obtain a certificate of probable cause to avoid dismissal of the appeal."  (*People v. Espinoza* (2018) 22 Cal.App.5th 794, 803.)  Thus, "[i]f the defendant's claim is not within the scope of [the] appellate waiver, the waiver does not preclude an appellate court from considering the defendant's underlying claim."  (*Becerra*, at p. 188.)  But "if the defendant's appellate claim falls withing the scope of [the] appellate waiver that is part of a plea agreement, the defendant 'must obtain a certificate of probable cause to appeal on any ground covered by the waiver, regardless of whether the claim arose before or after entry of the plea.  Absent such a certificate, the appellate court lacks authority . . . to consider the claim because it is in substance a challenge to the validity of the appellate waiver, and therefore to the validity of the plea.' "  (*Ibid.*, quoting *Espinoza*, at p. 797, italics omitted.)

Here, Silas waived in writing his right to appeal the "sentence" and "any rulings" by the trial court, terms that encompass the right to challenge the award of custody credits.  (See *People v. Becerra*, *supra*, 32 Cal.App.5th at pp. 189–190 [waiver of appeals of "judgment" and "sentence" included appellate challenge to custody credits].)  Accordingly, to raise his custody-credits claim on appeal, Silas would have had to obtain a certificate of

---

[4] While this appeal was pending, Silas's appellate counsel asked the trial court to correct the abstract of judgment to include local conduct credits, and the court did so.  In his letter brief, Silas contends that other credits errors remain.

probable cause to permit him to argue that the appellate waiver was unenforceable.  (See *People v. Espinoza, supra,* 22 Cal.App.5th at p. 803.) Because he did not obtain a certificate, we must presume that the appellate waiver is valid and enforceable.  In turn, because the waiver encompasses the award of custody credits, we cannot consider the claim he now raises.  Nor do we perceive any other arguable issues that the appellate waiver would not also encompass.

The appeal is dismissed.

_____

Humes, P. J.


WE CONCUR:



_____

Langhorne Wilson, J.




_____

Castro, J*.





*Judge of the Superior Court of the County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


*People v. Silas* A167178


5