Filed 12/30/24  P. v. Salgado CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JORGE ANTONIO SALGADO,<br><br>        Defendant and Appellant. | A170205<br><br>(Solano County<br> Super. Ct. No. VCR236416) |

Defendant Jorge Antonio Salgado appeals from the trial court's order terminating probation and sentencing him to county jail after he admitted a probation violation.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  We conclude that Salgado waived his right to appeal under the probation violation admission and, therefore, the appeal must be dismissed.

## I.  BACKGROUND

In April 2021, Salgado pled no contest to felony possession for sale of a controlled substance (Health & Saf. Code, § 11351) and misdemeanor

carrying a loaded and unregistered firearm (Pen. Code,[1] § 25850, subd. (a)). The agreement also included a plea in a separate misdemeanor case. In entering the plea, Salgado initialed and signed a waiver of rights form giving up various constitutional rights, including his right to appeal "the judgment and rulings of the court." The court suspended imposition of sentence and placed Salgado on two years formal probation with certain terms and conditions. Various fines and fees were imposed.

Salgado subsequently violated his probation three times. In March 2022, Salgado admitted a first probation violation for failure to report to probation. The trial court revoked and reinstated probation and imposed a suspended sentence of 180 days in county jail. In August 2023, Salgado admitted a second probation violation. Again, the trial court revoked and reinstated probation, which it extended to June 2024.

In January 2024, the probation department issued a revocation memo alleging Salgado failed to report to probation and failed to abstain from illegal drugs. In February 2024, Salgado admitted the probation violation. In doing so, he completed a waiver of rights form in which he gave up various constitutional rights. He initialed a line next to the following statement: "Even though judgment may be imposed as a result of my admission, I have the right to appeal the judgment and rulings of the Court. [¶] I give up my right to appeal."[2] (Boldface omitted.) In his written waiver of rights form, Salgado declared under penalty of perjury, among other things, "My attorney has reviewed and explained this document to me, and I freely and voluntarily request the Court to accept my admission of violating my probation."

---

[1] Undesignated statutory references are to the Penal Code.

[2] Salgado initialed this same statement in entering each of his probation violation admissions.

Salgado's defense counsel also signed the waiver of rights form and explained that he "ha[d] reviewed and explained the foregoing document to the defendant" and that his "decision to admit a violation was made only after we discussed the facts and the law of the alleged violation and the consequences of admitting said violation."

Salgado appeared in the trial court after he signed the waiver of rights form and probation violation admission. Salgado confirmed that he had signed and initialed the form and he admitted the violation. The court advised Salgado that by admitting the violation he was "giving up the right to a hearing on that issue, the right to confront witnesses, the right to call your own witnesses, the right to remain silent, and the right to appeal." The court then summarized the maximum potential punishment and the terms which had been promised. The court then asked Salgado whether he understood, and Salgado replied, "Yes." The court found that Salgado had been fully informed of his rights and the consequences of his admission and had knowingly, intelligently, and voluntarily waived his rights. The court accepted Salgado's admission. At the subsequent sentencing hearing on March 19, 2024, the court terminated probation and sentenced Salgado on the possession for sale of a controlled substance charge to the low term of two years in county jail, and on the firearm charge to one year in county jail, to run concurrently.

Salgado filed a notice of appeal indicating his appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." He did not request or obtain a certificate of probable cause.

## II. DISCUSSION

Salgado appealed from the trial court's March 19, 2024 judgment. We appointed appellate counsel, who filed a *Wende* brief raising no issues and requesting that we independently review the record. (*Wende*, *supra*, 25 Cal.3d 436.) Appellate counsel advised Salgado of the opportunity to file a supplemental brief, and Salgado did not do so.

Under section 1237.5, no appeal may be taken "from a judgment of conviction upon a plea of guilty or nolo contendere, *or a revocation of probation following an admission of violation*," unless the defendant "has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and the "trial court has executed and filed a certificate of probable cause for such appeal." (§ 1237.5, subds. (a), (b), italics added; see also Cal. Rules of Court,[3] rule 8.304(b)(1)(A) [an appeal after a probation violation admission on grounds that affect the validity of the admission requires a certificate of probable cause].) A certificate of probable cause is not required, though, when the appeal is from the sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission. (Rule 8.304(b)(2)(B).) The requirements of section 1237.5 and rule 8.304(b)(1) "should be applied in a strict manner." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098 [discussing predecessor to rule 8.304(b)(1)].)

Appellate waivers are generally enforceable. (*People v. Becerra* (2019) 32 Cal.App.5th 178, 186 (*Becerra*).) "[W]hen a defendant waives the right to appeal as part of a plea agreement, and the waiver's terms encompass the issue the defendant wishes to raise, the defendant must obtain a certificate of

---

[3] Further references to rules are to the California Rules of Court.

probable cause to avoid dismissal of the appeal." (*People v. Espinoza* (2018) 22 Cal.App.5th 794, 803 (*Espinoza*).) Thus, if "the defendant's claim is not within the scope of an appellate waiver, the waiver does not preclude an appellate court from considering" the claim. (*Becerra*, at p. 188.) But "if the defendant's appellate claim falls within the scope of an appellate waiver that is part of a plea agreement, the defendant 'must obtain a certificate of probable cause to appeal on any ground covered by the waiver, regardless of whether the claim arose before or after the entry of the plea [or admission]. Absent such a certificate, the appellate court lacks authority . . . to consider the claim because it is in substance a challenge to the validity of the appellate waiver, and therefore to the validity of the plea [or admission].' " (*Ibid.*, italics omitted, quoting *Espinoza*, at p. 797.)

Here, Salgado's probation violation admission included a written waiver of the right to appeal "the judgment and rulings of" the trial court. The broad language of this waiver encompasses the validity of the admission as well as matters occurring after the admission, such as the sentence, the imposition of fines, and the award of credits. (See *Becerra*, *supra*, 32 Cal.App.5th at p. 189 [judgment is rendered when the trial court pronounces sentence].) Therefore, Salgado's appellate waiver includes any issue we might uncover were we to conduct a *Wende* review of the record. (See *Id.* at p. 188 [certificate of probable cause is not required "for the issue of *whether* the defendant's appellate claim falls within the scope of an appellate waiver"].) Because he did not obtain a certificate of probable cause we cannot consider any potential issues with the proceedings, nor could Salgado argue that the appellate waiver was unenforceable. (See *Espinoza*, *supra*, 22 Cal.App.5th at p. 803.)

5

As *Espinoza* recognized, one consequence of its holding is that "the failure to obtain a certificate of probable cause will sometimes result in the dismissal of ' "potentially meritorious appeals" ' " (*Espinoza*, *supra*, 22 Cal.App.5th at p. 803), but that concern is lessened in *Wende* cases. Here, we have a defendant who broadly waived his right to appeal (four times); proceeded to appeal anyway without requesting a certificate of probable cause; obtained an appointed attorney who did not raise any error in the proceedings below; and did not independently identify any issues when given the chance to do so. Under these circumstances, we have no trouble concluding that Salgado's failure to obtain a certificate of probable cause requires us to enforce his appellate waiver against him.

## III. DISPOSITION

The appeal is dismissed.

LANGHORNE WILSON, J.


WE CONCUR:


BANKE, ACTING P. J.


HILL, J.*


A170205
*People v. Salgado*

---

    * Judge of the San Mateo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.