Filed 3/24/25  P. v. Martin CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E085099 |
| v. | (Super.Ct.No. FWV24002759) |
| JOHN CEDUANE MARTIN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Richard V. Peel, Judge.  Affirmed.

John Ceduane Martin, in pro. per.; Leslie Ann Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant John Ceduane Martin pled guilty to assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2), count 1), admitted he had suffered a prior strike

---

[1]  All further statutory references are to the Penal Code.

1

conviction (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)), and admitted an aggravating factor. Pursuant to the plea agreement, the court sentenced defendant to state prison for eight years.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and identifying three potentially arguable issues: (1) whether defendant's plea was constitutionally valid; (2) whether defendant's waiver of his right to appeal was valid; (3) and whether there was a factual basis for the plea.

We offered defendant the opportunity to file a personal supplemental brief, which he has done. Defendant challenges the sufficiency of the evidence against him. He asserts that he should have been sentenced to double the *midterm* of three years, i.e., six years, instead of double the *upper* term of four years. Defendant finally maintains he took the plea under duress because his prior convictions were improperly used against him because they were over 10 years old. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By felony complaint filed August 15, 2024, the People charged defendant with assault with a firearm. The People further alleged that defendant had suffered two prior strike convictions.

On September 9, 2024, pursuant to a plea agreement, defendant pled guilty to the count 1 offense, admitted one of the prior strike convictions, and admitted an aggravating factor. As part of the plea agreement, defendant initialed a provision reading, "I waive

and give up any right to appeal from any motion I may have brought or could bring and from the conviction and judgment in my case since I am getting the benefit of my plea bargain." The parties stipulated that the police reports would provide the factual basis for the plea.

The court expressed to defendant that pursuant to the plea agreement, the court would sentence defendant "to the upper term of four years on Count 1. That will then be doubled for the prior strike, for a total of eight years in state prison." "By way of this paperwork, you're admitting an aggravating factor. That's Number 14 in the Felony Complaint—you have some prior convictions—and that allows the Court to impose that upper term of four years, and then double it, for eight."

The court asked if that was defendant's understanding of the plea; defendant responded, "Yes." The court asked defendant whether he was entering the plea pursuant to his own free will, to which defendant answered, "Yes."

On October 8, 2014, the court noted that it had "read and reviewed the sentencing report. This was an agreed upon resolution of this case between the parties. The Court will follow the agreement, . . ."

The court "sentenced [defendant] to the upper term of four years in state prison. [¶] Now, based on the admission of a prior strike under Penal Code Section 1170.12, that four-year sentence will be doubled, for a total of eight years in state prison." Defendant appealed "based on the sentence or other matters that occurred after the plea and do not affect its validity."

## II. DISCUSSION

First, defendant's plea and admission, in and of themselves, constitute substantial evidence that he committed the offense to which he pled. (*People v. McGuire* (1993) 14 Cal.App.4th 687, 697, fn. 12 [guilty plea concedes all elements of offense, establishing sufficiency of the evidence of guilt]; *People v. Maultsby* (2012) 53 Cal.4th 296, 304-305, fn. 6.) Second, defendant forfeited any challenge to the plea by failing to file a motion to withdraw it. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1412-1413.) Third, any challenge to the plea requires issuance of a certificate of probable cause, which defendant failed to request from the court below. (*People v. Espinoza* (2018) 22 Cal.App.5th 794, 803.)

Fourth, defendant expressly admitted an aggravating factor as part of his plea agreement. Thus, the court properly sentenced defendant to double the upper term of four years as contemplated by the plea agreement.

Fifth, the underlying conviction supporting a prior strike conviction allegation is subject to no inherent age limit. (See *People v. Nunez* (2023) 97 Cal.App.5th 362, 371-372 [Appellate court affirmed trial court's denial of defendant's motion to dismiss 31-year-old strike conviction.].) Here, the People alleged two prior strike convictions, one from 1991 and the other from 2012. Defendant admitted the prior strike conviction from 2012. He did not seek to dismiss either prior strike conviction allegation.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.