Filed 11/12/25  P. v. Barber CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B342883 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA099544) |
| v. | |
| KYLE BARBER, | |
| Defendant and Appellant. | |

Kyle Barber (defendant) appeals from a judgment entered after he plead no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a)).[1]  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On July 23, 2025, we sent defendant a letter notifying him of his counsel's brief and gave him leave to file, within 30

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record and, finding no arguable issues, affirm the judgment.

In mid-December 2022, defendant was visiting a former acquaintance, Toby Peters (Peters), at Peters' home in Pasadena.[2] On December 16, 2022, Peters' girlfriend returned to the home to find Peters lying face down on the bed.  When she turned his body over, she saw that his right eye was swollen and closed, and blood was coming from his chest, mouth and ears.  The forensic pathologist's findings established that Peters died from blunt force trauma.  Peters' Ford F150 truck went missing after the killing and was reported stolen.

On December 21, 2022, five days after Peters' body was discovered, police officers observed the stolen truck driven by defendant, and attempted to conduct a traffic stop.  Defendant sped away.  The police pursuit ended when defendant crashed into a residence.  When arrested, defendant's shoes appeared to have blood on them.  The shoes later tested positive for the presence of blood, which matched Peters' DNA.

On June 18, 2024, the People charged defendant with (1) murder (§ 187, subd. (a)); (2) grand theft (§ 487, subd. (d)(1)); (3) felon in possession of a firearm (§ 29800, subd. (a)(1)); (4) felon in possession of ammunition (§ 30305, subd. (a)(1)); and (5) two counts of recklessly evading a police officer (Veh. Code, § 2800.2). The People further alleged that defendant's 2003 conviction for burglary and 2016 conviction for assault constituted serious

---

[2]     We summarize these facts from the transcript of the preliminary hearing conducted on June 4, 2024.

felonies (§ 667, subd. (a)) as well as strikes within the meaning of the Three Strikes Law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)).

On October 4, 2024, defendant, represented by legal counsel, completed and signed a plea form that described the constitutional rights he was waiving by entering a no contest plea and, before defendant entered his plea, the trial court confirmed that he understood those rights. Defendant pled no contest to voluntary manslaughter. Pursuant to the terms of the negotiated plea agreement, the court sentenced defendant to 11 years in state prison and the People dismissed the remaining counts.

Defendant filed a timely notice of appeal and requested a certificate of probable cause (§ 1237.5), arguing, among other things, that he was coerced into accepting the plea agreement. The request for a certificate of probable cause was denied. (See *People v. Espinoza* (2018) 22 Cal.App.5th 794, 799.)

## DISCUSSION

A criminal defendant who appeals following a no contest or guilty plea without a certificate of probable cause can only (1) challenge the denial of a motion to suppress evidence made or renewed in the superior court (§ 1538.5, subd. (m)) or (2) raise grounds arising after the entry of the plea that do not affect the validity of the plea. (*People v. Johnson* (2009) 47 Cal.4th 668, 676-677; Cal. Rules of Court, rule 8.304(b).) Defendant did not seek appellate review of the denial of the certificate of probable cause. (*Johnson*, 47 Cal.4th at p. 676 [a defendant may challenge the wrongful denial of a certificate of probable cause by petition for writ of mandate].)

We have independently examined the entire record on appeal and are satisfied that defendant's appellate counsel has

3

fully complied with their responsibilities and that no arguable issues exist.  (*Wende, supra*, 25 Cal.3d at p. 441.)  Specifically, nothing in the appellate record indicates that defendant possesses any basis to challenge his plea which would not be barred by his failure to obtain a certificate of probable cause.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P. J.
HOFFSTADT


We concur:


_____, J.
 BAKER


_____, J.
 MOOR


4