Filed 6/15/21  P. v. Rainone CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C090511 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE018431) |
| v. | |
| VICKY LYNN RAINONE, | |
| Defendant and Appellant. | |

Defendant Vicky Lynn Rainone appeals from a judgment entered after her no contest plea to voluntary manslaughter.  She complains the trial court erred by imposing a $30 conviction assessment fee (Gov. Code, § 70373), a $40 court operations fee (Pen. Code, § 1465.8; statutory section that follow are to the Penal Code unless otherwise stated), and a $300 restitution fine (§ 1202.4, subd. (b)) without first determining her ability to pay them in accordance with *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).  She alternatively argues these fees violate the Eighth Amendment of the

1

United States Constitution and article I, section 17 of the California Constitution. Prophylactically, defendant argues if these claims were waived that her counsel was ineffective. For the reasons explained herein, we affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

Given the narrow scope of defendant's appeal, we limit our discussion of the facts and proceedings to the issues before us.

On July 9, 2019, defendant pleaded no contest to voluntary manslaughter (§ 192, subd.(a)) to resolve the charge against her for murder with malice aforethought (§ 187). In exchange, she agreed to the imposition of the upper term of 11 years and agreed to waive her right to appeal.

The factual basis for the plea was that defendant along with her co-defendants were at the victim, Ashok Kumar's, home. "At that time, a confrontation took place in which Mr. Ashok Kumar was choked and asphyxiated as well as suffering blunt force trauma, which resulted ultimately in his death. [¶] Based on the conduct of . . . [Kumar] and [defendant], and based on the conduct of Mr. Tiwan Greenwade in the death of Mr. Ashok Kumar, these two defendants specifically were involved in aiding and abetting and encouraging the conduct of Mr. Greenwade, which ultimately resulted in the death of Ashok Kumar, and in the planning of the attack on Mr. Kumar prior to the time that he was assaulted in his home." The parties agreed the factual basis was sufficient, and it was accepted by the trial court.

Defendant was sentenced on August 23, 2019. Prior to the court's pronouncement of sentence, defendant's counsel made the following objection: "In regards to fines and fees and even mandatory fees, what has happened is during the course of this, we have gotten close to losing Ms. Rainone. She has an auto immune disease which is her final diagnosis, and she will not be able to work in prison. That I'm pretty much assured of. [¶] She is currently taking steroids to combat what was copious bleeding earlier in the

2

year, and when I really think we were going to [lose] Ms. Rainone -- and the weight has gone up and down, and she is a mess physically. [¶] Therefore, pursuant to the [*Dueñas*] case, I don't think she has the ability to work in prison, nor will she during this time period. [¶] Otherwise, I believe the calculations are correct, and everything else I would submit upon."

Thereafter, the trial court sentenced defendant to the upper term of 11 years with credit for 1,066 actual days plus 160 days conduct credit for a total of 1,226 custody credits. While the court did not expressly rule upon defendant's *Dueñas* objection, the court did impose the statutory minimums, to wit, a $300 restitution fine (§ 1202.4, subd. (b)), a $300 suspended parole revocation restitution fine (§ 1202.45), a $30 conviction assessment fee (Gov. Code, § 70373), and a $40 court operations fee (§ 1465.8). The court reserved jurisdiction to award victim restitution and struck all remaining fines and fees. Defendant timely appealed.

## DISCUSSION

### I

### *Defendant's Fines and Fees*

Defendant challenges the trial court's imposition of a $30 conviction assessment fee (Gov. Code, § 70373), a $40 court operations fee (§ 1465.8), and a $300 restitution fine (§ 1202.4, subd. (b)) without first determining her ability to pay them under *Dueñas, supra*, 30 Cal.App.5th 1157. She alternatively argues these fees violate the Eighth Amendment and article I, section 17 of the California Constitution. Respondent disagrees arguing defendant's claim is prohibited by her failure to seek relief in the trial court pursuant to section 1237.2 and that her waiver of appellate rights precludes these claims. Respondent further attacks defendant's claims on the merits and argues that even if the trial court erred, such errors were harmless. We disagree with the People's procedural arguments, but find defendant's claims fail on the merits.

3

A. *The People's Procedural Arguments*

Section 1237.2 provides in pertinent part, "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines . . . [or] . . . fees . . . unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court . . . ."

Here, defendant objected during the sentencing hearing the recommended fines and fees, "and even mandatory fees" because her auto immune disorder would keep her from working, citing *Dueñas*. Thus, because defendant had already sought relief in the trial court, there was no need to again seek relief prior to bringing her appeal. (§ 1237.2.)

The People also complain about defendant's waiver of appellate rights. There is no written waiver of defendant's right to appeal. However, the plea hearing reflects that defendant agreed that she was "giving up and waiving your right to appeal any and all decisions and orders made by the Court up to this point and in sentencing as agreed to in this disposition." Rather than decide whether this waiver could be effective to preclude defendant's *Dueñas* argument that includes fees not discussed in the entirety of the plea hearing and thus which were not arguably within the agreed to disposition (see, e.g., *People v. Panizzon* (1996) 13 Cal.4th 68, 85 [a general waiver "will not be construed to bar the appeal of sentencing errors occurring subsequent to the plea" where those errors are not contemplated by the plea agreement itself]; *People v. Patton* (2019) 41 Cal.App.5th 934, 942-943 [rejecting waiver of challenge to " 'any sentence stipulated herein' " applied to probation conditions yet to be selected and imposed]), we find it simpler to dispose of these issues on the merits. Accordingly, we will not analyze defendant's ineffective assistance of counsel claim.

Nor do we find defendant's challenge barred by her failure to obtain a certificate of probable cause. (§ 1237.5.) Because defendant's challenge involves a discretionary

4

sentencing choice not determined by the plea agreement and which appears to be at least partially outside of the scope of her appellate waiver, we find it appropriate to address the merits of her claims even though she did not obtain a certificate of probable cause. (See Cal. Rules of Court, rule 8.304(b)(4)(B); *People v. Buttram* (2003) 30 Cal.4th 773, 790-791; *People v. Espinoza* (2018) 22 Cal.App.5th 794, 802-803 [if challenged issue falls within the scope of a defendant's waiver, a certificate of probable cause would be required].)

B. *Defendant's Dueñas Challenge*

At sentencing, the trial court ordered defendant to pay a $300 restitution fine under section 1202.4, a $40 court operations assessment under section 1465.8, and a $30 court facilities assessment under Government Code section 70373. While the court did not expressly rule upon defendant's *Dueñas* objection, the amounts imposed were statutory minimums (§§ 1465.8, 1202.4, subd. (b); Gov. Code, § 70373) and the court struck all remaining recommended fines and fees.

Defendant now contends the court's imposition of these fine and fees violates due process as recognized by *Dueñas*. But we disagree with the holding in *Dueñas*.

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp,* at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v.*

5

*Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)  Having done so, we reject defendant's *Dueñas* challenge to the above-referenced fine and fees.

    C.  *Defendant's Eighth Amendment Challenge*

Defendant alternatively argues that imposing the $370 in fines and fees without considering her ability to pay violated the excessive fines clauses of the federal and state Constitutions (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17), we disagree.  (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co*. (2005) 37 Cal.4th 707, 731 [after examining the relevant considerations, a reviewing court can decide for itself whether a fine or penalty is unconstitutionally excessive].)

Assuming without deciding whether the $70 in assessment fees can be analyzed along with the $300 restitution fine, "The Eighth Amendment prohibits the imposition of excessive fines.  The word 'fine,' as used in that provision, has been interpreted to be ' "a payment to a sovereign as punishment for some offense." ' " (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1040 (conc. opn. of Benke, J.).)  The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in *United States v. Bajakajian* (1998) 524 U.S. 321 [141 L.Ed.2d 314] (*Bajakajian*).  (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., supra*, 37 Cal.4th at pp. 728-729 [applying Eighth Amendment analysis to both defendant's federal and state excessive fines claims].)

" 'The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.  [Citations.] . . . [A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.' (*Bajakajian, supra*, 524 U.S. at p. 334.)

6

"The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment: '(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay. [Citations.]' (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., supra*, 37 Cal.4th at p. 728; see [*People v.*] *Gutierrez, supra*, 35 Cal.App.5th at p. 1040 (conc. opn. of Benke, J.).) While ability to pay may be part of the proportionality analysis, it is not the only factor. (*Bajakajian, supra*, 524 U.S. at pp. 337-338.)" (*People v. Aviles, supra*, 39 Cal.App.5th at p. 1070.) We review the excessiveness of a fine challenged under the Eighth Amendment de novo. (*Ibid*.)

Here, we find that the $370 in fines and fees imposed for the voluntary manslaughter is not grossly disproportional to the level of harm and defendant's culpability in this matter. The stipulated factual basis for the plea made clear defendant was "involved in aiding and abetting and encouraging the conduct of Mr. Greenwade, which ultimately resulted in the death of Ashok Kumar, and in the planning of the attack on Mr. Kumar prior to the time that he was assaulted in his home." Thus, defendant helped plan an attack and aided in that attack, resulting in the death of an individual. For this offense, the court could have imposed a restitution fine of up to $10,000. (§ 1202.4, subd. (b).) Thus, it was not grossly disproportionate to impose the statutory minimum fines and fees in light of defendant's violent conduct resulting in the death of Ashok Kumar. This conclusion is manifest regardless of whether or not defendant has an ability to pay. Accordingly, the minimum $370 in fines and fees imposed here is not excessive under the Eighth Amendment or the equivalent provision of the California Constitution.

7

DISPOSITION

The judgment is affirmed.

                                      _____

                                      HULL, Acting P. J.

I concur:

_____

MURRAY, J.

8

ROBIE, J., Concurring.

Defendant Vicky Lynn Rainone believes the trial court violated her due process and Eighth Amendment rights by imposing a $300 restitution fine, a $40 court operations assessment, and a $30 conviction assessment because "[t]he record shows [she] is indigent and has no ability to have prison earnings because she was diagnosed with an auto-immune disorder, to wit Sjogren's Syndrome, whose effects totally disable her and will leave her physically unable to work and thus unable to acquire earnings in prison." I concur fully in the majority's conclusion that the People's procedural challenges to the appeal lack merit. As to the merits of defendant's argument, however, I concur in the result but disagree with the majority's conclusion that *Dueñas* was wrongly decided. (*People v. Dueñas* (2019) 30 Cal.App.5th 1157.) I believe *Dueñas* is good law, but defendant failed to prove any error on appeal.

At the outset, defendant's argument is confusing. Defendant argues the trial court violated her constitutional rights because it imposed the fine and assessments "without first determining her ability to pay." Although the trial court did not make an express finding of ability to pay, the trial court impliedly determined defendant has the ability to pay the fine and assessments imposed because the court imposed the fine and assessments *after* defendant argued she did not have the ability to pay them. (See *People v. Avila* (2009) 46 Cal.4th 680, 729 [express findings by the court as to ability to pay are not required; "the statute 'impliedly presumes a defendant has the ability to pay,' and leaves it to the defendant to adduce evidence otherwise"].) Defendant's argument thus appears to be that the trial court abused its discretion by imposing the fine and assessments and the imposition thereof violated the excessive fines clauses of the federal and state Constitutions because she did not have the ability to pay.

A defendant has the burden of proving his or her inability to pay fines, fees, and assessments at the hearing imposing such fines, fees, and assessments in the trial court. (*People v. Castellano* (2019) 33 Cal.App.5th 485, 490.) Although defendant asserts

1

"[t]he record shows [she] is indigent," defendant fails to cite to any such *evidence* in the record. Defendant merely relies on her notice of appeal and her attorney's *argument* that defendant has an autoimmune disorder and will be unable to work in prison. An attorney's argument is not evidence. (Evid. Code, § 140; *People v. Kiney* (2007) 151 Cal.App.4th 807, 815; *Van de Kamp v. Bank of America* (1988) 204 Cal.App.3d 819, 843.) In light of the foregoing, I conclude defendant has failed to demonstrate error on appeal and thus agree with the majority that the judgment should be affirmed.


_____

Robie, J.